UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
SEAN SIMMONS                            :
                                        :
                                        :
         Plaintiff,                     :      Civil Action No. 08-3451 (JAP)
                                        :
     v.                                 :           **OPINION**
                                        :
STRYKER CORPORATION, et al.             :
                                        :
         Defendants.                    :
                                        :
_____        :

    This is a products liability action involving a device referred to as a "pain pump" that

delivers controlled infusions of local anesthetics to a surgical patient.  Presently before the

Court is a motion by Defendants Stryker Corporation and Stryker Sales Corporation

("Defendants") to dismiss Counts One and Counts Five through Twelve of Plaintiff's

Complaint pursuant to Rule 12(b)(6).  Defendants argue that these claims, with the exception

of Count Nine, are subsumed by Plaintiff's other claims under New Jersey's Product Liability

Act, N.J.S.A. § 2A:58C-1 *et seq*.  As to Count Nine, breach of express warranty, Defendants

argue that Plaintiff has failed to adequately plead such a claim.

    Plaintiff does not oppose Defendants' motion as to Counts One, Five, Six, Seven

Eight, Ten, Eleven and Twelve.  In fact, Plaintiff "agrees that [all of the challenged Counts

except Count Nine] are due to be dismissed."  Pl. Mem. at 4.[1]  Consequently, those Counts

_____
    [1]Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss does
not contain page numbers; therefore, the Court refers to the page number assigned by the

shall be dismissed with prejudice.  With respect to Count Nine, Plaintiff contends that the claim has been sufficiently pled and further argues that, if the Court were to find otherwise, he should be given leave to amend his complaint after the close of discovery.  For the reasons below, the Court finds that Count Nine fails to state a claim upon which relief can be granted, and, consequently, Defendants' motion to dismiss that count shall be granted.

In the breach of express warranty claim set forth in Count Nine Plaintiff alleges that "[t]he Defendants expressly warranted that their pain pump was [a] safe and effective ambulatory drug delivery system" and also warranted the pain pump to be "fit, safe, and effective and proper" for the purpose for which it was to be used.  Compl. ¶ 75, 76.  The complaint further alleges that "the pain pump . . . did not conform to these express representations because it causes serious injuries to consumers when inserted."  *Id.* at ¶ 76. Plaintiff contends that Defendants should have known that these representations were false, that the medical community as well as Plaintiff relied upon these warranties, and that Defendants breached the express warranties because the pain pump was not safe and fit for its intended use.  Defendants assert that these allegations are insufficient to state a claim and Count Nine should be dismissed.  Def. Reply at 3.

Referring to the Supreme Court's recent "formulation of the pleading standard" in *Bell Atlantic Corp. v. Twombly*,[2] the Third Circuit has noted that stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element."

_____

electronic filing system that appear in the header.

[2] 550 U.S. 554, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations omitted, alteration in original).  The court noted that Federal Rule of Civil Procedure 8(a)(2) requires "a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds on which it rests," and, therefore, a complaint requires at least some factual allegations to make this "showing."  *Phillips*, 515 F.3d at 232 (alterations in original) (quoting *Twombly*, 127 S. Ct. at 1964).  However, this does not mean that a heightened pleading requirement now applies -- the *Twombly* decision clearly indicated that the Court was not adopting or applying a "heightened pleading standard," 127 S.Ct. at 1974 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."), -- and this Court shall not apply one. Nevertheless, under the liberal pleading standard, the Court finds Count Nine to be insufficient.

As noted by the Defendants, under New Jersey law, an express warranty can be created by the following:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

N.J.S.A. § 12A:2-313.  Defendants contend that Count Nine fails to state a claim because it does not contain sufficient factual allegations about the nature of the express warranty.  The

Court agrees.  Plaintiff's breach of warranty claim is devoid of any "factual matter" to support the existence of an express warranty.  Rather, there is simply a conclusory recitation of the elements of the claim.  Plaintiff has alleged no facts to suggest that an express warranty existed.

Other courts have dismissed similar claims under similar circumstances.  For example, in *Heisner ex rel. Heisner v. Genzyme Corp.*, 2008 WL 2940811 (N.D.Ill., July 25, 2008), much like the instant case, the plaintiff alleged that the defendant "expressly warranted to Plaintiff by and through statements made ... orally and in publications, package inserts, and other written materials ... that [the product at issue] was safe, effective, fit and proper for its intended use," and further alleged that he relied on this warranty and that the warranty was false.  The court dismissed the plaintiff's claim, finding that the plaintiff in that case

> has offered nothing more than a formulaic recitation of the elements required
> to prevail on a claim and has alleged no facts at all that suggest an express
> warranty existed. Plaintiff has not specified any particular affirmation, promise,
> description, or sample that formed part of the basis of his bargain with
> Defendant. He thus fails to put the Defendant on notice as to the substance of
> his claim.

*Id.* at *8-9 (noting that some courts have "required that plaintiffs at least mention the particular promise or description that allegedly gave rise to an express warranty" and citing *Johnson v. Brown & Williamson Tobacco Corp.*, 122 F. Supp. 2d 194, 206 (D. Mass. 2000), where the court found that a breach of express warranty claim was insufficient when it stated only that the defendant extended an express warranty through its "advertising, marketing and other efforts.").

Notably, the breach of warranty claims that were dismissed in both *Heisner* and

*Johnson* contained <u>more</u> factual detail than the claim in the present case.  In each of those cases the plaintiffs generally identified the source of the alleged warranty (*e.g.*, publications, package inserts, advertising), although this general identification was not sufficient to survive a motion to dismiss.  Here, Plaintiff identifies no source whatsoever of any alleged warranty. Thus, the Court finds Plaintiff's breach of express warranty claim in this case to be inadequately pled and Count Nine is dismissed without prejudice.  Plaintiff, if he wishes to amend his complaint to allege facts sufficient to support his breach of express warranty claim, shall be permitted 20 days to do so in light of this Opinion.[3]   An appropriate Order follows.

/s/ JOEL A. PISANO
United States District Judge

Dated: November 17, 2008

---

[3]The Court denies Plaintiff's request to have until after the close of discovery to amend his Complaint.  Plaintiff simply has provided no explanation whatsoever as to why this is necessary or appropriate in this case.